**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TRAVIS BALL,** | : | |
| | : | |
| **Movant,** | : | |
| | : | |
| **v.** | : | **Case No. 5:23-cr-00055-CAR-CHW-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

## REPORT AND RECOMMENDATION

In June 2024, the Court entered judgment against Defendant Travis Ball based on his plea of guilty to the charge of mailing a threatening communication in violation of 18 U.S.C. § 876(c). (Doc. 34). Movant challenged his conviction through a recast motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 45), which has been denied. (Docs. 54, 59). Prior to the denial, Movant filed another or supplemental motion to vacate. (Doc. 58). For reasons explained in the Court's previous orders (Docs. 54. 59), this newest motion is now moot.[1] Therefore, it is **RECOMMENDED** that the pending § 2255 motion (Doc. 58) be **DISMISSED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4.  The District Judge shall make a de novo determination of those

---

[1] The pending motion to vacate has not been treated as an impermissible second or successive motion because Movant filed it while the recommendation on this first motion was still pending.

portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED**, this 24th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge